IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DON FAIRCLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-013 |
| | ) | |
| BRIAN OWENS, Commissioner, Georgia | ) | |
| Department of Corrections, and DR. MARY | ) | |
| ALSTON, Medical Director, Augusta | ) | |
| State Medical Prison, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this civil action he filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

## I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Plaintiff's Prior Filing History.

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted. See Faircloth v. Ayers, 1:12-CV-126 (WLS), doc. no. 4 (M.D. Ga. Aug. 29, 2012) (collecting cases). Indeed, Plaintiff concedes in this case that he has accumulated three strikes. (Doc. no. 1, p. 8 and Attach. 1, "Cover Letter.") Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff's complaint alleges that he is a non-violent inmate with a "minimum" security

classification who is housed at ASMP, a "close" security facility. (Doc. no. 1, p. 5.) Plaintiff generally complains that this disparity in security classification leaves him "constantly subjected to violence and bodily injury," as evidenced by an episode of inmate on inmate violence that resulted in the death of an ASMP prisoner. (Id.) He also asserts that as a heart patient, he is in "'imminent danger' due to medications being wrongly prescribed, and medical problems being misdiagnosed." (Id. at 6.) Plaintiff further contends that he lives in an overcrowded dormitory where the other residents suffer ailments ranging from scabies to HIV/AIDS and Hepatitis C. (Id.) Plaintiff concludes his recitation of "imminent danger" allegations with a declaration that he lives "in constant fear of an assault from violent prisoners, and is subjected to medical care so incompetent as to 'shock the conscience.'" (Id. at 7.)

Notably, Plaintiff provides no specific details concerning any of these allegations as they may pertain to him. For example, he has not detailed even one specific instance of violence to him or particularized harm from the medical care provided at ASMP. Plaintiff's vague fears do not by themselves demonstrate that he was in any imminent danger when he filed his complaint. See Medberry, 185 F.3d at 1193; cf. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger of serious physical injury where inmate complained of total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications). Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should

be required to initiate a new lawsuit, which would require submission of a new complaint.

Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 28th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA